OPINION
Appellants Dwight Ardis and Linda Ardis separately appeal from the December 31, 2001, Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, terminating appellants' parental rights and granting permanent custody of the minor children to the Stark County Department of Job and Family Services.
 STATEMENT OF THE FACTS AND CASE
On November 19, 1999, the Stark County Department of Job and Family Services filed a complaint alleging the minor children, Douglas Ardis (D.O.B. 1-30-99) and Jami Porter (D.O.B. 8-17-87) were neglected and seeking temporary custody.
On April 28, 2000, the children were found to be dependent and temporary custody was granted to SCDJFS.
On August 14, 2000, the SCDJFS filed a Motion to Return minor child Douglas Ardis to his mother's custody with protective supervision, which was granted.
On December 4, 2000, the SCDJFS filed a post-dispositional motion requesting temporary custody to the agency based on both parents' relapse into drug use. The Court ordered minor child Douglas Ardis into temporary custody with the SCDJFS.
On April 4, 2001, the SCDJFS filed a Motion for Permanent Custody based on the parents' long history of substance abuse and the admission by the mother that she was not ready to give up drugs.
On May 22, 2001, the mother stipulated to the permanent custody of the minor children to SCDJFS.
On June 18, 2001, a permanent custody trial was conducted as to the interests of both children.
On December 31, 2001, the trial court terminated the parental rights of Dwight Ardis and Linda Ardis and granted permanent custody of the minor children to SCDJFS.
It is from this decision which both Dwight Ardis and Linda Ardis have filed separate appeals, assigning the following errors:
 ASSIGNMENTS OF ERROR
Appellant Father — Dwight Ardis
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO BASE ITS FINDINGS OF FACTS ON THE EVIDENCE PRESENTED AT TRIAL.
 II. THE TRIAL COURT ERRED IN ITS DETERMINATION THAT THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES PUT FORTH GOOD FAITH AND DILIGENT EFFORTS TO REHABILITATE THE FAMILY SITUATION.
 III. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 IV. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 Appellant Mother — Linda Ardis
 THE APPELLANT'S STIPULATION FAILED TO COMPLY WITH JUVENILE RULE 29(D) AND WAS IN VIOLATION OF HER DUE PROCESS RIGHTS AS GUARANTEED BY THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION.
 Appellant Father — Dwight Ardis
 I.
Appellant-Father argues the trial court abused its discretion because it failed to base its findings of fact on evidence presented at the hearing. Mother maintains there is no evidence to support these findings. We disagree.
Appellant-father challenges, inter alia, the following finding of facts contained in the court's December 31, 2001 Judgment Entry:
 (10) Mr. Ardis testified that he met most of his case plan objectives. He testified that he completed a residential substance abuse program in Akron, but had suffered a relapse. He testified that he thinks he is enrolled or scheduled to be enrolled in anger management and parenting classes at Noble Correctional Institution, where he is currently incarcerated. He testified that he was attending a substance abuse program there. He testified that he is currently incarcerated because of domestic violence he commited against his wife when he caught her in the midst of an act of prostitution. He stated that he is scheduled to be released in December of 2001. The Court finds that he was released on December 3, 2001.
Specifically, Appellant-Father challenges the trial court's finding that he had been released from prison on December 3, 2001, as such could not have been known at the time of the hearing on June 18, 2001. We do not find this finding of fact to be an abuse of discretion.
Appellant also challenges any consideration given by trial court to the proposed findings of fact and conclusions of law filed by SCDJFS filed November 8, 2001, based on the trial court's order that such were to be filed by June 29, 2001. We find that the trial court has the discretion to consider a late filing if it chooses to do so. Furthermore, the trial court stated that it had reviewed the entire record and made its own findings of fact and conclusions of law.
Appellant also challenges that part of the court's eleventh finding of fact wherein the trial court found that the caseworker had spoken with Appellant on numerous occasions and discussed the case plan. A review of the record supports the trial court's findings. The case worker testified to discussions with the Appellant at his home and through the hope program (T. II at 15-16). The case worker also testified to a meeting with Appellant at her office. (T. II at 17). She also testified to numerous telephone conversations with Appellant regarding the case plan objectives, wherein Appellant "asked a million questions". (T. II at 22).
Based upon the foregoing testimony, we find the trial court had sufficient evidence upon which to base its findings of fact.
Appellant-Father's first assignment of error is overruled.
 II.
Appellant, in his second assignment of error, contends that the trial court erred in determining that the Stark County Department of Job and Family Services put forth good faith and diligent efforts to rehabilitate the family situation. We disagree.
The court in In re Weaver (1992), 79 Ohio App.3d 59, 63 held that a good faith effort to implement a reunification plan "means an honest, purposeful effort, free of malice and the design to defraud or to seek an unconscionable advantage." Id., citing In re Johnson (Nov. 21, 1988), Butler App. No. CA87-12-158, unreported, at 5. "A lack of good faith effort is defined as importing a dishonest purpose, conscious wrongdoing or breach of a known duty based upon some ulterior motive or ill will in the nature of fraud." Id.
We believe that the record supports a good faith effort on the part of the SCDJFS. While appellant attempts to blame SCDJFS for his failures, he admitted that he did not immediately begin working on his case plan because he questioned the paternity of the child. (T. II, at 40). Appellant argues that he completed both drug treatment and anger management programs,(T. at 50), but fails to mention that he also admitted that he relapsed T. II, at 15-17) and further admitted that he was never able to remain drug free. (T. II at 47). Appellant was incarcerated for domestic violence against the Linda Ardis at the time of the hearing. SCDJFS cannot be faulted for appellant's failure to successfully to maintain a drug free lifestyle and to maintain independent housing.
Appellant's second assignment of error is, therefore, overruled.
 III, IV.
Because father's third and fourth assignments of error are interrelated, we shall address said assignments of error together. In his third assignment of error, father argues the trial court's finding Douglas could not or should not be placed with father within a reasonable time was against the manifest weight and sufficiency of the evidence. In his fourth assignment of error, father submits the trial court's finding the best interest of his child would be served by granting permanent custody to the department was against the manifest weight and sufficiency of the evidence. We disagree.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279.
The relevant statute is R.C. 2151.414, which provides, in pertinent part:
 (B) The court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (a) The child is not abandoned or orphaned * * *, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
* * *
 (d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
In determining the best interest of a child, R.C. 2151.414(D) states:
 (D) * * * the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child * * *;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
Upon review of the record, we find the trial court's finding it was in Douglas' best interest to grant permanent custody to the department is not against the manifest weight of the evidence. The trial court found, pursuant to R.C. § 2151.414(B), Douglas could not be placed with father within a reasonable time or should not be placed with father. However, a best interest determination, standing alone, is not sufficient to grant permanent custody of a child to an agency and divest parents of their parental rights. R.C. § 2151.414(E) states:
 In determining at a hearing held pursuant to division (A) of this section . . . whether a child cannot be placed with either of his parents within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with the parent
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 (2) Chronic mental illness, chronic emotional illness, * * * of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing * * *
 (3) The parent committed any abuse as described in section 2151.031 of the Revised Code against the child, caused the child to suffer any neglect as described in section 2151.03 of the Revised Code, or allowed the child to suffer any neglect as described in section 2151.03 of the Revised Code between the date that the original complaint alleging abuse or neglect was filed and the date of the filing of the motion for permanent custody;
 (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 (5) The parent is incarcerated for an offense committed against the child or a sibling of the child;
* * *
(10) The parent has abandoned the child.
* * *
 (13) The parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child.
 (14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect.
 (15) The parent has committed abuse as described in section 2151.031 of the Revised Code against the child or caused or allowed the child to suffer neglect as described in section 2151.03 of the Revised Code, and the court determines that the seriousness, nature, or likelihood of recurrence of the abuse or neglect makes the child's placement with the child's parent a threat to the child's safety.
(16) Any other factor the court considers relevant.
The trial court found that appellant-father failed to complete his case plan objectives. The trial court further found that the father was currently incarcerated for domestic violence against his wife which occurred when he caught her in an act of prostitution. The trial court also found that Appellant-Father continued to use drugs.
Based on the foregoing, we find that the trial court's findings that appellant's child could not and should not be placed with appellant within a reasonable period of time and that it was in the child's best interest for appellant's parental rights to be terminated were supported by clear and convincing evidence. We further find that the trial court's granting of permanent custody of appellant's child to appellee is supported by competent, credible evidence and is not against the manifest weight or the sufficiency of the evidence.
Appellant-Father's third and fourth assignments of error are overruled.
 Appellant Mother — Linda Ardis
Appellant mother argues that her stipulation to permanent custody failed to comply with Juv. R. 29 and violated her due process rights. We disagree.
Juvenile Rule 29 provides, in pertinent part:
(D) Initial procedure upon entry of an admission
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission.
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
 * * *
In the case sub judice, Appellant-Mother was represented by counsel at the permanent custody proceedings, who indicated that she had reviewed the Juv. R. 29 stipulation form and signed same "of her own free will". (T. at 3). The record also provides that Appellant-Mother stated on the record that she understood what she was doing, that she was aware of her options and was further aware that she would no longer be the legal parent of her children. (T. at 4-5).
Based on the above, and the entire record, we find that appellant-mother's due process rights were protected and that no violation of same occurred.
Appellant-Mother's sole assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
By: BOGGINS, J. WISE, P.J. concur EDWARDS, J. concurs in part and dissents in part.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Juvenile Division of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to Appellants.